**PROBALA, Plaintiff-Appellant, v. GUN AND TACKLE SHOP INC., Defendant-Appellee.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 21518. Decided January 5, 1950.

David J. Miller, Cleveland, for plaintiff-appellant.
Kitchen & Messner, Cleveland, for defendant-appellee.

(GUERNSEY, PJ, MIDDLETON, J, of Third District: DOYLE, J, of Ninth District, sitting by designation.)

## OPINION

Per CURIAM:

In this appeal on questions of law, Andrew E. Probala, herein called Probala, brought suit in the Municipal Court of Cleveland, Ohio, to recover a money judgment against Gun and Tackle Shop, Inc., herein called Tackle Shop, upon a written contract of employment. The employment, it is claimed, was as a designer and supervisor of construction work on a store that Tackle Shop was establishing in Shaker Square in Cleveland. The compensation of Probala was to be a percentage of the cost of establishing and equipping such store.

The Tackle Shop, by way of answer, alleged that there was pending, prior to the time when Probala filed the instant law

suit, in the Common Pleas Court of Cuyahoga County, an action brought by it against Probala;

"That said action is between the same parties as the parties to the within cause and for the same cause of action set forth herein, for the same relief, and for an amount exceeding the jurisdiction of the Municipal Court of Cleveland."

The prayer of the answer asked that the case by Probala against it be "dismissed or abated and proceedings stayed pending the final determination" of the case in Common Pleas Court.

Probala filed a reply denying that the Common Pleas Court case would act to abate its claim and renewed its plea for a money judgment.

The bill of exceptions before us discloses that at the trial no witnesses were called by either party. Tackle Shop introduced in evidence as an exhibit a copy of the petition which it filed in Common Pleas Court, and Probala introduced in evidence, as an exhibit, a copy of the written contract which he claimed to have had with Tackle Shop.

The bill of exceptions discloses considerable discussion by the court and counsel concerning the nature of the pleadings filed and the effect of the case pending in Common Pleas Court.

The trial court determined that the answer of Tackle Shop was in reality a demurrer, and, upon consideration of such answer as a demurrer, entered an order overruling such demurrer and granted leave to Tackle Shop to plead further.

Thereafter, Tackle Shop moved for a rehearing, which was denied. Probala then moved for a judgment notwithstanding the decision, claiming the trial court erred in treating the answer as a demurrer, and saying that, there being no valid defense to his (Probala's) claim, judgment for the amount asked should be awarded to him.

This motion by Probala, for judgment notwithstanding the decision, was overruled, and thereafter Tackle Shop filed an answer and cross-petition.

Thereupon, this appeal was taken, by Probala only, from the judgment overruling such motion for judgment notwithstanding the decision. The determinative question before us is: Is this a final order from which an appeal to this court may be taken?

**Sec. 12223-2 GC,** as amended effective September 30, 1947, sets out the definition of a final order. The first part of such definition is the only provision which we are required to examine. It reads:

"An order affecting a substantial right in an action, when in effect it determines the action and prevents a judgment * * * is a final order."

The trial court did not determine the case on its merits. What the court did do was to reject the claim of abatement and continue the matter for the purpose of allowing a defense on the merits to be interposed by way of additional pleading.

The usual and orderly allowance of a continuance, or of leave to plead, matters resting within the sound discretion of the court, does not lay the basis for an appeal.

See:

**Stautzenbach, Admr. v. Fritz, 71 Oh Ap 251; Leiberg, Admrx. v. Vitangeli, 70 Oh Ap 479.**

We do not have the problem before us of the propriety of Tackle Shop to demur to Probala's petition, or whether the fact that another case between the parties was pending in another court appeared on the face of the petition so as to give rise to a demurrer.

"At common law the pendency of another action was ground for abatement, and the Ohio statutes are but declaratory of the common law." **State ex rel v. Nolte, Mayor, 111 Oh St 486, at page 491.**

Assuming that defense of abatement set up by Tackle Shop had been sustained, the action would not have been determined on its merits. The proceedings would have been stayed, pending disposition of the case in the Common Pleas Court.

1 C. J. S. Abatement & Revival, Sec. 2 and cases therein cited.

We think the converse of this rule should be applied herein, and that, where the defense of abatement fails, a hearing on the merits of the action should be allowed. The order of the trial court to continue the hearing and permit Tackle Shop to file an answer and cross-petition was not an abuse of discretion or prejudicial error.

We therefore determine that the overruling of the motion for judgment notwithstanding the decision was not error prejudicial to the substantial right of the plaintiff, and did not constitue a final order subject to review by this court.

Appeal dismissed. Exceptions noted.

GUERNSEY, PJ, MIDDLETON, J, DOYLE, J, concur.